1  Jonathan G. Fetterly (State Bar No. 228612)
   Jordan Susman (State Bar No. 246116)
2  HOLME ROBERTS & OWEN LLP
   777 South Figueroa Street, Suite 2800
3  Los Angeles, CA  90017-5826
   Telephone:    (213) 572-4300
4  Facsimile:    (213) 572-4400
   E-mail: jon.fetterly@hro.com

5

6  Attorney for Plaintiffs
   BMG MUSIC; ZOMBA RECORDING LLC;
7  ATLANTIC RECORDING CORPORATION;
   SONY BMG MUSIC ENTERTAINMENT;
8  LAFACE RECORDS LLC; and UMG
   RECORDINGS, INC.

9

10                    UNITED STATES DISTRICT COURT

11                  SOUTHERN DISTRICT OF CALIFORNIA

                                      '08 CV 773   H  WMc

12  BMG MUSIC, a New York general partnership;    Case No.:
    ZOMBA RECORDING LLC, a Delaware limited
13  liability company; ATLANTIC RECORDING       COMPLAINT FOR COPYRIGHT
    CORPORATION, a Delaware corporation; SONY   INFRINGEMENT
14  BMG MUSIC ENTERTAINMENT, a Delaware
    general partnership; LAFACE RECORDS LLC, a
15  Delaware limited liability company; and UMG
    RECORDINGS, INC., a Delaware corporation,
16
                      Plaintiffs,
17
          vs.
18
    JESSICA NOLAN,
19
                      Defendant.
20

21

22                    **JURISDICTION AND VENUE**

23        1.      This is a civil action seeking damages and injunctive relief for copyright infringement

24  under the copyright laws of the United States (17 U.S.C. §101 *et seq.*).

25        2.      This Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. §1331 (federal

26  question); and 28 U.S.C. §1338(a) (copyright).

27

28

                                      1

3.      This Court has personal jurisdiction over the Defendant, Jessica Nolan, and venue in this District is proper under 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400, because, on information and belief, the Defendant resides in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District.

## PARTIES

4.      Plaintiff BMG Music is a general partnership duly organized and existing under the laws of the State of New York, with its principal place of business in the State of New York.

5.      Plaintiff ZOMBA RECORDING LLC is a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

6.      Plaintiff Atlantic Recording Corporation is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

7.      Plaintiff SONY BMG MUSIC ENTERTAINMENT is a Delaware general partnership, with its principal place of business in the State of New York.

8.      Plaintiff LaFace Records LLC is a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

9.      Plaintiff UMG Recordings, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California.

10.     Plaintiffs are informed and believe that Defendant is an individual who resided in El Cajon, California, within this District at the time of the infringement complained of herein.  Upon information and belief, Defendant may still be found in this District.

## COUNT I

## INFRINGEMENT OF COPYRIGHTS

11.     Plaintiffs incorporate herein by this reference each and every allegation contained in each paragraph above.

2

1      12.    Plaintiffs are, and at all relevant times have been, the copyright owners or licensees of

2  exclusive rights under United States copyright law with respect to certain copyrighted sound

3  recordings, including but not limited to, all of the copyrighted sound recordings on Exhibit A to this

4  Complaint (collectively, these copyrighted sound recordings shall be identified as the "Copyrighted

5  Recordings"). Each of the Copyrighted Recordings is the subject of a valid Certificate of Copyright

6  Registration issued by the Register of Copyrights, for which the Plaintiffs are the owners as specified

7  on Exhibit A.

8      13.    Among the exclusive rights granted to each Plaintiff under the Copyright Act are the

9  exclusive rights to reproduce the Copyrighted Recordings and to distribute the Copyrighted Recordings

10 to the public.

11     14.    Much of the unlawful distribution of copyrighted sound recordings over the Internet

12 occurs via "peer-to-peer" ("P2P") file copying networks or so-called online media distribution

13 systems. P2P networks, at least in their most popular form, refer to computer systems or processes that

14 enable Internet users to search for files (including audio recordings) stored on other users' computers

15 and transfer exact copies of files from one computer to another via the Internet, which can include both

16 downloading an exact copy of that file onto the user's own computer and distributing an exact copy of

17 that file to other Internet users on the same P2P network. P2P networks enable users who otherwise

18 would have no connection with, or knowledge of, each other to provide a sophisticated search

19 mechanism by which users can locate these files for downloading and to reproduce and distribute files

20 off of their personal computers.

21     15.    Users of P2P networks who distribute files over a network can be identified by using

22 Internet Protocol ("IP") addresses because the unique IP address of the computer offering the files for

23 distribution can be captured by another user during a search or a file transfer. Users of P2P networks

24 can be identified by their IP addresses because each computer or network device (such as a router) that

25 connects to a P2P network must have a unique IP address within the Internet to deliver files from one

26 computer or network device to another. Two computers cannot effectively function if they are

27 connected to the Internet with the same IP address at the same time.

28

COMPLAINT FOR COPYRIGHT INFRINGEMENT

1     16.    Plaintiffs identified an individual using LimeWire on the P2P network Gnutella at IP

2  address 75.62.205.217 on July 25, 2007 at 21:52:08 EDT distributing 85 audio files over the Internet.

3  The Defendant was identified as the individual responsible for that IP address at that date and time.

4  Plaintiffs are informed and believe that as of July 25, 2007, Defendant, without the permission or

5  consent of Plaintiffs, had continuously used, and continued to use, a P2P network to download and/or

6  distribute to the public the Copyrighted Recordings.  Exhibit A identifies the date and time of capture

7  and a list of Copyrighted Recordings that Defendant has, without the permission or consent of

8  Plaintiffs, downloaded and/or distributed to the public. Through Defendant's continuous and ongoing

9  acts of downloading and/or distributing to the public the Copyrighted Recordings, which acts Plaintiffs

10  believe to have been ongoing for some time, Defendant has violated Plaintiffs' exclusive rights of

11  reproduction and distribution.  Defendant's actions constitute infringement of Plaintiffs' copyrights

12  and exclusive rights under copyright.

13     17.    In addition to the sound recordings listed on Exhibit A, Plaintiffs are informed and

14  believe that Defendant has, without the permission or consent of Plaintiffs, continuously downloaded

15  and/or distributed to the public additional sound recordings owned by or exclusively licensed to

16  Plaintiffs or Plaintiffs' affiliate record labels, and Plaintiffs believe that such acts of infringement are

17  ongoing.

18     18.    Plaintiffs have placed proper notices of copyright pursuant to 17 U.S.C. § 401 on each

19  respective album cover of each of the sound recordings identified in Exhibit A. These notices of

20  copyright appeared on published copies of each of the sound recordings identified in Exhibit A.  These

21  published copies were widely available, and each of the published copies of the sound recordings

22  identified in Exhibit A was accessible by Defendant.

23     19.    Plaintiffs are informed and believe that the foregoing acts of infringement have been

24  willful and intentional, in disregard of and indifference to the rights of Plaintiffs.

25     20.    As a result of Defendant's infringement of Plaintiffs' copyrights and exclusive rights

26  under copyright, Plaintiffs are entitled to statutory damages pursuant to 17 U.S.C. § 504(c) for

27

28

COMPLAINT FOR COPYRIGHT INFRINGEMENT

1   Defendant's infringement of each of the Copyrighted Recordings.  Plaintiffs further are entitled to their

2   attorneys' fees and costs pursuant to 17 U.S.C. § 505.

3          21.    The conduct of Defendant is causing and, unless enjoined and restrained by this Court,

4   will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or

5   measured in money.  Plaintiffs have no adequate remedy at law.  Pursuant to 17 U.S.C. §§ 502 and

6   503, Plaintiffs are entitled to injunctive relief prohibiting Defendant from further infringing Plaintiffs'

7   copyrights, and ordering Defendant to destroy all copies of sound recordings made in violation of

8   Plaintiffs' exclusive rights.

9          WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

10          1.    For an injunction providing:

11   "Defendant shall be and hereby is enjoined from directly or indirectly
     infringing Plaintiffs' rights under federal or state law in the Copyrighted
12   Recordings and any sound recording, whether now in existence or later
     created, that is owned or controlled by Plaintiffs (or any parent,
13   subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs'
     Recordings"), including without limitation by using the Internet or any
14   online media distribution system to reproduce (i.e., download) any of
     Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs'
15   Recordings, or to make any of Plaintiffs' Recordings available for
     distribution to the public, except pursuant to a lawful license or with the
16   express authority of Plaintiffs.  Defendant also shall destroy all copies of
     Plaintiffs' Recordings that Defendant has downloaded onto any
17   computer hard drive or server without Plaintiffs' authorization and shall
     destroy all copies of those downloaded recordings transferred onto any
18   physical medium or device in Defendant's possession, custody, or
     control."
19

20          2.    For statutory damages for each infringement of each Copyrighted Recording

21   pursuant to 17 U.S.C. § 504.

22          3.    For Plaintiffs' costs in this action.

23          4.    For Plaintiffs' reasonable attorneys' fees incurred herein.

24

25

26

27

28

5

COMPLAINT FOR COPYRIGHT INFRINGEMENT

1          5.      For such other and further relief as the Court may deem just and proper.

2   Dated:      April 29, 2008                    JONATHAN G. FETTERLY
3                                                 JORDAN SUSMAN
                                                  HOLME ROBERTS & OWEN LLP
4
5                                                 By: _____
                                                     Jonathan G. Fetterly
6                                                    Jordan Susman
                                                     Attorney for Plaintiffs
7                                                    BMG MUSIC; ZOMBA RECORDING LLC;
                                                     ATLANTIC RECORDING CORPORATION;
8                                                    SONY BMG MUSIC ENTERTAINMENT;
                                                     LAFACE RECORDS LLC; and UMG
9                                                    RECORDINGS, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                              6

**EXHIBIT A**

# EXHIBIT A

## JESSICA NOLAN

**IP Address:** 75.62.205.217 2007-07-25 21:52:08 EDT          **CASE ID#** 137063733

**P2P Network:** Gnutella                                           **Total Audio Files:** 85

| Copyright Owner | Artist | Recording Title | Album Title | SR# |
|---|---|---|---|---|
| BMG Music | Jamie Foxx | Do What It Do | Unpredictable | 374-820 |
| Zomba Recording LLC | Usher | Superstar | Confessions | 354-784 |
| Atlantic Recording Corporation | T.I. | Motivation | Urban Legend | 367-100 |
| SONY BMG MUSIC ENTERTAINMENT | Nas | K-I-S-S-I-N-G | I Am | 175-149 |
| LaFace Records LLC | Usher | Nice and Slow | My Way | 257-730 |
| SONY BMG MUSIC ENTERTAINMENT | Jagged Edge | He Can't Love You | J.E. Heartbreak | 288-396 |
| UMG Recordings, Inc. | 50 Cent | Build You Up | The Massacre | 366-051 |

**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 150274    — MB

April 29, 2008
11:07:34

Civ Fil Non-Pris
USAO #.: 08CV0773 CIVIL FILING
Judge..: MARILYN L HUFF
Amount.:
Check#.: BC357046          $350.00 CK

Total—>   $350.00

FROM: BMG MUSIC, ET ALL VS
JESSICA NOLAN

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September, 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
BMG MUSIC; ZOMBA RECORDING LLC; ATLANTIC RECORDING CORPORATION; SONY BMG MUSIC ENTERTAINMENT; LAFACE RECORDS LLC; and UMG RECORDINGS, INC.

### DEFENDANTS
JESSICA NOLAN


'08 CV 773 H WMC
08 APR 29 AM 11: 04

County of Residence of First Listed Defendant San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(b)** County of Residence of First Listed Plaintiff **New York County, NY**
(EXCEPT IN U.S. PLAINTIFF CASES)

DEPUTY

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Jonathan G. Fetterly (SBN: 228612)   Telephone: 213.572.4300
HOLME ROBERTS & OWEN LLP   Facsimile: 213.572.4400
777 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5826

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an 'X' in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☒ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | 405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | ☐ 870 Taxes (U.S. Plaintiff | ☐ 895 Freedom of |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | Security Act | or Defendant) | Information Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 900 Appeal of Fee |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | 26 USC 7609 | Determination Under |
| ☐ 290 All Other Real Property | ☐ 445 Amer. | ☐ 540 Mandamus & Other | | | Equal Access to Justice |
| | w/Disabilities- | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of |
| | Employment | ☐ 555 Prison Condition | | | State Statutes |
| | ☐ 446 Amer. | | | | ☐ 890 Other Statutory Actions |
| | w/Disabilities- | | | | |
| | Other | | | | |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity)
*17 U.S.C. § 501 et seq.*
Brief description of the cause: *copyright infringement*

## VII. REQUESTED IN COMPLAINT
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Statutory damages; injunction
CHECK YES only if demanded in complaint
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____   DOCKET NUMBER _____

DATE
**April 29, 2008**

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT# 150274   AMOUNT $350   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

MB 04/29/08