Jonathan G. Fetterly (State Bar No. 228612))
HOLME ROBERTS & OWEN LLP
777 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5826
Telephone: (213) 572-4300
Facsimile: (213) 572-4400
E-mail: jon.fetterly@hro.com

Attorney for Plaintiffs
BMG MUSIC; ZOMBA RECORDING LLC;
ATLANTIC RECORDING CORPORATION;
SONY BMG MUSIC ENTERTAINMENT;
LAFACE RECORDS LLC; and UMG
RECORDINGS, INC.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BMG MUSIC, a New York general partnership; ZOMBA RECORDING LLC, a Delaware limited liability company; ATLANTIC RECORDING CORPORATION, a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; LAFACE RECORDS LLC, a Delaware limited liability company; and UMG RECORDINGS, INC., a Delaware corporation, Plaintiffs, <br><br> v. <br><br> JESSICA NOLAN, Defendant. | Case No.: 3:08-cv-00773-H-WMC <br><br> The Honorable Marilyn L. Huff <br><br> **MOTION FOR ENTRY OF DEFAULT JUDGMENT BY THE COURT** <br><br> **Date:** **September 22, 2008** <br> **Time:** **10:30 a.m.** <br> **Place:** **Courtroom 13** |

# TABLE OF CONTENTS

**Page**

I.    Summary of Relevant Facts ................................................................................................. 2

II.   Argument ........................................................................................................................... 3

    A.    Legal Standard .......................................................................................................... 3

    B.    Default Judgment Against Defendant Is Warranted And Appropriate ...................... 3

        1.    Plaintiffs Have Stated A Sufficient Claim For Relief ...................................... 3

        2.    The Monetary Judgment Requested By Plaintiffs Is Reasonable .................... 5

            a.    Plaintiffs' Request for Statutory Damages Is Reasonable ................... 5

            b.    Plaintiffs Are Reasonable In Seeking Their Costs ................................ 6

        3.    Plaintiffs Will Be Prejudiced If Relief Is Denied ............................................ 6

        4.    There Is No Possibility of Any Disputes Concerning Material Facts .............. 6

        5.    Default Did Not Result From Excusable Neglect ............................................. 7

        6.    Public Policy Warrants The Entry of a Default Judgment ................................ 7

III.  Plaintiffs Are Entitled to A Permanent Injunction, Statutory Damages And Costs ................. 8

    A.    Plaintiffs Are Entitled to Statutory Damages ............................................................. 8

    B.    Plaintiffs Are Entitled To A Permanent Injunction ................................................... 9

        1.    Plaintiffs Will be Irreparably Harmed If A Permanent Injunction is Not
            Issued to Enjoin Defendant's Wrongful Conduct ........................................... 10

        2.    A Permanent Injunction Will protect the Public's Interest In
            Upholding Copyright Protections .................................................................... 11

        3.    The Requested Injunction Is Specific In Nature And Reasonably Seeks
            To Protect All Of Plaintiffs' Existing And Future Copyrights ....................... 12

    C.    Plaintiffs Are Entitled To Their Costs ...................................................................... 14

IV.   An Evidentiary Hearing Is Not Necessary Here Because The Damages Plaintiffs Seek
    Are Easily Ascertainable ................................................................................................... 15

V.    CONCLUSION .................................................................................................................. 16

i

1

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*A&M Records, Inc. v. Napster, Inc.,*
  114 F. Supp. 2d 896 (N.D. Cal. 2001) ............................................................ 10, 11

*A&N Music Corp. v. Venezia,*
  733 F. Supp. 955 (E.D. Penn. 1990) .................................................................. 14

*Aldabe v. Aldabe,*
  616 F.2d 1089 (9th Cir. 1980) ............................................................................ 3

*Apple Computer, Inc. v. Franklin Computer Corp.,*
  714 F.2d 1240 (3d Cir. 1983) ............................................................................. 12

*Atari Inc. v. North Am. Philips Consumer Elec. Corp.,*
  672 F.2d 607 (7th Cir. 1982),
  *cert. denied,* 459 U.S. 880, 103 S. Ct. 176 (1982) ............................................ 12

*Autoskill Inc. v. National Educ. Support Sys., Inc.,*
  994 F.2d 1476 (10th Cir. 1993),
  *cert. denied,* 510 U.S. 916, 114 S. Ct. 307 (1993) ............................................ 12

*Basic Books, Inc. v. Kinko's Graphics Corp.,*
  758 F. Supp. 1522 (S.D. N.Y. 1991) .................................................................. 13

*Cablevision Sys. N.Y. City Corp. v. Lokshin,*
  980 F. Supp. 107 (E.D.N.Y. 1997) ..................................................................... 14

*Canopy Music, Inc. v. Harbor Cities Broad. Inc.,*
  950 F. Supp. 913 (E.D. Wis. 1997) .................................................................... 13

*Century ML-Cable Corp. v. Diaz,*
  39 F. Supp. 2d 121 (D.P.R. 1999) ...................................................................... 14

ii

*CJC Holdings, Inc. v. Wright & Lato, Inc.,*
   979 F.2d 60 (5th Cir. 1992) ........................................................................ 12
*Claremont Flock Corp. v. Alm,*
   281 F.3d 297 (1st Cir. 2002)....................................................................... 12
*Clifton v. Tomb,*
   21 F.2d 893 (4th Cir. 1927) ........................................................................ 15
*Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.,*
   259 F.3d 1186 (9th Cir. 1997),
   *cert. denied* 534 U.S. 1127, 112 S. Ct. 1063 (2002)........................................ 8
*Cross Keys Publ'g Co., Inc. v. Wee, Inc.,*
   921 F. Supp. 479 (W.D. Mich. 1995) ........................................................... 14
*D.C. Comics Inc. v. Mini Gift Shop,*
   912 F.2d 29 (2d Cir. 1990)............................................................................ 6
*Davis v. Fendler,*
   650 F.2d 1154 (9th Cir. 1981) .................................................................... 15
*Discovery Communications, Inc. v. Animal Planet, Inc.,*
   172 F. Supp. 2d 1282 (C.D.Cal. 2001) .................................. 3, 4, 12, 14, 15
*Eitel v. McCool,*
   782 F.2d 1470 (9th Cir. 1986) ...................................................................... 3
*Geddes v. United Fin. Group,*
   559 F.2d 557 (9th Cir. 1977) ....................................................................... 3
*Getaped.com, Inc. v Cangemi,*
   188 F. Supp. 2d 398 (S.D.N.Y. 2002)........................................................... 6
*In re Aimster Copyright Litigation,*
   334 F.3d 643, 646-47 (7th Cir. 2003) ....................................................... 11
*In re Roxford Foods, Inc.,*
   12 F.3d 875, 879 (9th Cir. 1993) ............................................................... 15

iii

#10810 v1

1  *Jackson v. Sturkie,*
2      255 F. Supp. 2d 1096 (N.D.Cal. 2003) ............................................................. 5, 6, 11
3  *Jobette Music Co., Inc. v. Hampton,*
4      864 F. Supp. 7 (S.D. Miss. 1994) ........................................................................... 13, 14
5  *Johnson Controls, Inc. v. Phoenix Control Systems, Inc.,*
6      886 F.2d 1173 (9th Cir. 1989) ...................................................................................... 10
7  *Johnson v. Kakvand,*
8      192 F.3d 656 (7th Cir. 1999) ......................................................................................... 12
9  *Los Angeles News Serv. v. Reuters Television Int'l, Ltd.,*
10     149 F.3d 987 (9th Cir. 1998),
11     *cert. denied,* 525 U.S. 1141, 119 S. Ct. 1032 (1999) ................................................. 5, 8
12 *MAI Systems Corp. v. Peak Computer, Inc.,*
13     991 F.2d 511 (9th Cir. 1993) ......................................................................................... 10
14 *Micro Star v. Formgen, Inc.,*
15     154 F.3d 1107 (9th Cir. 1998) ....................................................................................... 10
16 *Microsoft Corp. v. Wen,*
17     2001 WL 1456654, No. C 99-04561 MEJ (N.D. Cal. Nov. 13, 2001) ............................ 5
18 *Morley Music Co. v. Dick Stacey's Plaza Motel, Inc.,*
19     725 F.2d 1 (1st Cir. 1983) ................................................................................................ 6
20 *Olan Mills, Inc. v. Linn Photo Co.,*
21     23 F.3d 1345 (8th Cir. 1994) ......................................................................................... 13
22 *Orth-O-Vision, Inc. v. Home Box Office,*
23     474 F. Supp. 672 (S.D. N.Y. 1979) .............................................................................. 13
24 *Ortiz-Gonzalez v. Fonovisa,*
25     277 F.3d 59 (1st Cir. 2002) ............................................................................................. 5
26 *PepsiCo v. Triunfo-Mex, Inc.,*
27     189 F.R.D. 431 (C.D.Cal. 1999) ................................................................................ 3, 12
28

#10810 v1

1   *PepsiCo,. Inc. v. Cal. Sec. Cans,*
2       238 F. Supp. 2d 1172 (C.D.Cal. 2002) ........................................................ 3, 6, 7, 11, 12
3   *Perfect 10, Inc., v. Talisman Comm. Inc.,*
4       2000 WL 364813, No. CV99-10450 RAP MCx (C.D. Cal. Mar. 27, 2000) .................................... 5
5   *Picker Int'l Corp. v. Imaging Equip. Serv., Inc.,*
6       931 F. Supp. 18 (D. Mass. 1995),
7       *aff'd,* 94 F.3d 640 (1st Cir. 1996).......................................................................... 13
8   *Princeton Univ. Press v. Michigan Document Serv., Inc.,*
9       99 F.3d 1381 (6th Cir. 1996),
10      *cert. denied,* 520 U.S. 1156, 117 S. Ct. 1336 (1997)................................................... 13
11  *Securities & Exch. Comm'n v. McNulty,*
12      137 F.3d 732, 741 (2d Cir. 1998),
13      *cert. denied,* 525 U.S. 931, 119 S. Ct. 340 (1998)..................................................... 12
14  *Sega Enterprises Ltd. v. Maphia,*
15      948 F. Supp. 923 (N.D.Cal. 1996) ......................................................................... 10
16  *Sony Music Entm't, Inc. v. Global Arts Prod.,*
17      45 F. Supp. 2d 1345 (S.D.Fla. 1999) ............................................................... 10, 12, 13
18  *Televideo Sys., Inc. v. Heidenthal,*
19      826 F.2d 915 (9th Cir. 1987) ......................................................................... 3, 4, 5, 7
20  *Universal City Studios v. Reimerdes,*
21      111 F. Supp. 2d 294 (S.D.N.Y. 2000),
22      *aff'd,* 273 F.3d 429 (2d Cir. 2001) ..................................................................... 11
23  *Weintraub/Okun Music v. Atlantic Fish & Chips, Inc.,*
24      1991 WL 34713, No. 90 C 4938 (N.D. Ill. Mar. 13, 1991)................................................ 13
25  *Wilson v. Moore & Assoc., Inc.,*
26      564 F.2d 366 (9th Cir. 1977) ............................................................................. 15
27  *Zeon Music v. Stars Inn Lounge, Ltd.,*
28      1994 WL 163636, No. 92 C 7607 (N.D. Ill. Apr. 28, 1994)................................................ 13

v

**Statutes**

17 U.S.C. § 102 .......................................................................................................... 4

17 U.S.C. § 106 .......................................................................................................... 4

17 U.S.C. § 501 .......................................................................................................... 4

17 U.S.C. § 502 ........................................................................................................ 10

17 U.S.C. § 504 ..................................................................................................... 5, 8

17 U.S.C. § 505 ................................................................................................... 6, 14

**Rules**

Federal Rule of Civil Procedure 54 .......................................................................... 8

Federal Rule of Civil Procedure 55 ...................................................................... 7, 15

Federal Rule of Civil Procedure 8 ............................................................................ 8

**Treatises**

Schwarzer, W. *et al.*, <u>California Practice Guide, Federal Civil Procedure Before Trial</u>, 6:42 (2000) 15

#10810 v1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## APPLICATION FOR DEFAULT JUDGMENT

### I.     SUMMARY OF RELEVANT FACTS

Plaintiffs BMG Music; Zomba Recording LLC; Atlantic Recording Corporation; Sony BMG Music Entertainment; LaFace Records LLC; and UMG Recordings, Inc. (collectively, "Plaintiffs") are recording companies that brought suit against Defendant Jessica Nolan ("Defendant") pursuant to the Copyright Act of 1976, 17 U.S.C. Section 101, *et seq*. ("Copyright Act"), for the infringement of, among others, Plaintiffs' seven (7) copyrighted sound recordings.  Declaration of Jonathan G. Fetterly (" Fetterly Decl."), Exh. 1 (Complaint, ¶ 16 and Exh. A).  Among the rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce their respective copyrighted sound recordings ("Copyrighted Recordings") and to distribute them to the public.  Fetterly Decl., Exh. 1 (Complaint, ¶ 13).  Defendant has used, and continues to use, an online media distribution system to download Plaintiffs' Copyrighted Recordings, to distribute the Copyrighted Recordings to the public and/or to make the Copyrighted Recordings available for distribution to others.  Fetterly Decl., Exh. 1 (Complaint, ¶ 16).  In doing so, Defendant has infringed upon Plaintiffs' copyrights and has violated Plaintiffs' exclusive rights of reproduction and distribution.  *Id.*

The Summons and Complaint were served on Defendant on May 11, 2008, by substitute service.  Fetterly Decl., ¶ 3.  Defendant has failed to answer or otherwise appear in this action. Fetterly Decl., ¶ 5.  As a result, the Clerk of the Court entered Defendant's default on July 3, 2008, and Defendant was notified thereof on July 8, 2008.  Fetterly Decl., ¶ 4, Exhs. 2 and 3.  Plaintiffs are informed and believe that Defendant is not a minor, and is neither incompetent nor in active military service.  Fetterly Decl., ¶ 6.

By this application, Plaintiffs respectfully request that the Court enter default judgment against Defendant for: (1) the minimum statutory damages for each of the seven (7) infringements alleged in the Complaint in the amount of $5,250.00, (2) a permanent injunction pursuant to Section 502 of the Copyright Act, and (3) costs in the amount of $420.00 pursuant to Section 505 of the Copyright Act.

#10810 v1

## II.    ARGUMENT

### A.    Legal Standard

For purposes of a default judgment, the well-pled allegations of the complaint are taken as true. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 918 (9th Cir. 1987).  If the court determines that a defendant is in default, the defendant's liability is collectively established and the factual allegations in the complaint, except those relating to damages, are accepted as true. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).  The power to grant or deny relief upon an application for default judgment is within the discretion of the Court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

### B.    Default Judgment Against Defendant Is Warranted And Appropriate

When determining whether to grant default judgment, courts are instructed to consider the following factors: (1) the substantive merit of the plaintiff's claims, (2) the sufficiency of the complaint, (3) the amount of money at stake, (4) the possibility of prejudice to the plaintiff if relief is denied, (5) the possibility of disputes to any material facts in the case, (6) whether default resulted from excusable neglect, and (7) the public policy favoring resolution of cases on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986); *accord PepsiCo,. Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D.Cal. 2002); *Discovery Communications, Inc. v. Animal Planet, Inc.*, 172 F. Supp. 2d 1282, 1287 (C.D.Cal. 2001); *PepsiCo v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D.Cal. 1999).  "In applying this discretionary standard, default judgments are more often granted than denied." *Triunfo-Mex, Inc.*, 189 F.R.D. at 432.  As set forth below, each of the factors weighs in favor of granting default judgment, and, thus, Plaintiffs' application should be granted.

#### · 1.    PLAINTIFFS HAVE STATED A SUFFICIENT CLAIM FOR RELIEF

The first two factors, which consider the substantive merit of the plaintiff's claims and the sufficiency of the complaint, essentially require that the allegations in Plaintiffs' Complaint state sufficient claims for relief. *Cal. Sec. Cans*, 238 F. Supp. 2d at 1175; *Discovery Communications, Inc.*, 172 F. Supp. 2d at 1288.

#10810 v1

1   To prevail on their claim for copyright infringement under the Copyright Act, Plaintiffs must
2   prove that Defendant violated an exclusive right of the copyright owner as provided by Section 106
3   of the Copyright Act, which provides, in pertinent part:

4           [T]he owner of copyright under this title has the exclusive rights to do
5           and to authorize any of the following: (1) to reproduce the copyrighted
6           work in copies or phonorecords; . . . (3) to distribute copies of
7           phonorecords of the copyrighted work to the public by sale or other
8           transfer or ownership, or by rental, lease, or lending.

9   17 U.S.C. § 106.  In other words, Section 106 provides the copyright owner with the exclusive right
10  to copy or distribute copyrighted work to the public.  Such work includes sound recordings.  17
11  U.S.C. § 102(a)(7).

12  Furthermore, Section 501 of the Copyright Act provides, in pertinent part, that "anyone who
13  violates any of the exclusive rights of the copyright owner as provided by sections 106 through 118
14  [of the Copyright Act] . . . is an infringer of the copyright or right of the author, as the case may be,"
15  and that the "legal or beneficial owner of an exclusive right under a copyright is entitled . . . to
16  institute an action for any infringement of that particular right committed while he or she is the
17  owner of it."  17 U.S.C. § 501(a)-(b).

18  Here, the Complaint alleges that Plaintiffs are the copyright owners or licensees of exclusive
19  rights under copyright law to the Copyrighted Recordings; Defendant, without the permission of
20  Plaintiffs, has used, and continues to use, an online media distribution system to download the
21  Copyrighted Recordings, to distribute the Copyrighted Recordings to the public, and/or to make the
22  Copyrighted Recordings available for distribution to others; and the acts of infringement have been
23  willful and intentional in disregard of and indifferent to the rights of Plaintiffs.[1]  Fetterly Decl., Exh.

24

25      [1] As set forth above, the allegations of Plaintiffs' complaint are deemed true because a
26  default has been entered against Defendant in this case.  *See TeleVideo Sys., Inc*, 826 F.2d at 917-18
    ("upon default the factual allegations of the complaint . . . will be taken as true.");  *Discovery*
27  *Communications, Inc*, 172 F.Supp. 2d at 1288 ("for purposes of a default judgment, the well-plead
    allegations of the complaint are taken as true.").
28

                                        4

#10810 v1

1 (Complaint, ¶¶ 12-19). As such, Plaintiffs have sufficiently pled the elements necessary to state a copyright infringement claim against Defendant. *See TeleVideo*, 826 F.2d at 917-18.

## 2. THE MONETARY JUDGMENT REQUESTED BY PLAINTIFFS IS REASONABLE

The third factor– the amount of money at stake – also weighs in Plaintiffs' favor. Here, Plaintiffs are requesting the minimum statutory damages for copyright infringement pursuant to Section 504 of the Copyright Act in the amount of $5, 250.00, and costs pursuant to Section 505 of the Copyright Act in the amount of $420.00. Fetterly Decl., ¶ 7.

### a. Plaintiffs' Request for Statutory Damages Is Reasonable

Section 504 of the Copyright Act provides that a copyright infringer is liable for statutory damages, and that the copyright owner may elect to recover an award of statutory damages for all infringements involved in the action in a sum of not less than $750 or more than $30,000, as the Court considers just. 17 U.S.C. § 504(a), (c); *Los Angeles News Serv. v. Reuters Television Int'l, Ltd.*, 149 F.3d 987, 1101 (9th Cir. 1998), *cert. denied* 525 U.S. 1141, 119 S. Ct. 1032 (1999) ("a plaintiff may recover statutory damages whether or not there is adequate evidence of the actual damages suffered by plaintiff or the profits reaped by defendant, in order to sanction and vindicate the statutory policy of discouraging infringement"). "Statutory damages are particularly appropriate in a case, such as this one, in which defendant has failed to mount any defense or to participate in discovery, thereby increasing the difficulty of ascertaining plaintiff's actual damages." *Id.* Courts routinely award minimum statutory damages (or higher) as part of default judgments in copyright infringement cases. *See Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1101 (N.D.Cal. 2003) (granting an award higher than the statutory minimum pursuant to a motion for default judgment); *Microsoft Corp. v. Wen*, 2001 WL 1456654, No. C 99-04561 MEJ, *5-6 (N.D. Cal. Nov. 13, 2001) (awarding $15,000 in statutory damages for each of six infringements); *Perfect 10, Inc., v. Talisman Comm. Inc.*, 2000 WL 364813, No. CV99-10450 RAP MCx, *3-4 (C.D. Cal. Mar. 27, 2000) (awarding maximum amount of statutory damages for willful infringement on default judgment); *see also Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59, 63-64 (1st Cir. 2002) (granting an award of greater than minimum statutory damages as part of default judgment); *D.C. Comics Inc. v. Mini Gift Shop*, 912

F.2d 29, 35, 37 (2d Cir. 1990) (awarding greater than the minimum statutory damages award as part of default judgment); *Morley Music Co. v. Dick Stacey's Plaza Motel, Inc.*, 725 F.2d 1, 2-3 (1st Cir. 1983) (granting an award of greater than minimum statutory damages as part of default judgment); *Getaped.com, Inc. v Cangemi*, 188 F. Supp. 2d 398, 400-402 (S.D.N.Y. 2002) (awarding $30,000 statutory damages for single infringement).

Here, Plaintiffs are seeking only the minimum statutory damages. Accordingly, Plaintiffs' request for statutory damages is reasonable and appropriate in this case.

### b.     Plaintiffs Are Reasonable In Seeking Their Costs

Section 505 of the Copyright Act allows the Court, in its discretion, to award Plaintiffs the recovery of full costs.[2] 17 U.S.C. § 505. Here, Plaintiffs are requesting their costs expended for filing this lawsuit and for service of process, which is reasonable. *Jackson*, 255 F. Supp. 2d at 1103 (awarding costs, among other things, to the plaintiff pursuant to its motion for default judgment). Fetterly Decl., ¶ 7.

### 3.     PLAINTIFFS WILL BE PREJUDICED IF RELIEF IS DENIED

Another factor that the Court may consider when deciding whether to grant default judgment is whether there is a significant possibility of prejudice to the plaintiffs if default judgment is not entered. This factor also weighs in Plaintiffs' favor because if default judgment is not entered, Plaintiffs would be denied the right to judicial resolution of their claims, and would be without other recourse for recovery. *See Cal. Sec. Cans*, 238 F. Supp. 2d at 1177. Indeed, if default judgment is denied, Defendant's conduct will remain unchecked and Defendant will be free to pursue similar activities in the future. Thus, this factor also favors the entry of default judgment in this case.

### 4.     THERE IS NO POSSIBILITY OF ANY DISPUTES CONCERNING MATERIAL FACTS

The fifth factor considers the possibility of dispute as to any material facts in this case. As set forth above, Plaintiffs filed a well-pleaded Complaint alleging the elements necessary to prevail

---

[2] Section 505 also allows a plaintiff to recover its attorneys' fees, but Plaintiffs are not seeking attorneys' fees herein.

MOTION FOR ENTRY OF DEFAULT JUDGMENT BY THE COURT
CASE NO.: 08-CV-00773-H-WMC

#10810 v1

1  on a cause of action for copyright infringement.  Upon entry of default, all factual allegations set

2  forth in the complaint, except those relating to damages, are deemed true.  *Televideo Systems, Inc.*,

3  826 F.2d at 917-18.  Because the clerk of the court entered Defendant's Default on July 3, 2008, and

4  the allegations of the Complaint are therefore taken as true, no genuine dispute as to any material

5  facts exists.  *See Cal. Sec. Cans*, 238 F. Supp. 2d at 1177.

6  ### 5.    DEFAULT DID NOT RESULT FROM EXCUSABLE NEGLECT

7          There is no possibility here that the default resulted from excusable neglect on the part of

8  Defendant.  Indeed, Plaintiffs have made every effort to notify Defendant of the complaint against

9  her and of Plaintiffs' intent to pursue a default judgment.  Defendant was properly served with the

10  Summons and Complaint by substitute service on May 11, 2008, and Defendant was notified that the

11  clerk entered a default against her on July 8, 2008.   Fetterly Decl., ¶¶ 3-4, Exh. 2.  Defendant has

12  nonetheless failed to appear or defend herself in this action.   Fetterly Decl., ¶ 5.  Thus, this factor

13  weights in favor of default judgment.

14  ### 6.    PUBLIC POLICY WARRANTS THE ENTRY OF A DEFAULT JUDGMENT

15          Although public policy favors the resolution of a case on its merits, "this preference, standing

16  alone, is not dispositive."  *See PepsiCo,. Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d at 1177.

17  Defendant's failure to answer Plaintiffs' complaint makes a decision on the merits impractical, if not

18  impossible.  Under Rule 55(a) of the Federal Rules of Civil Procedure, termination of a case before

19  hearing the merits is allowed whenever a defendant fails to defend an action.  Fed. R. Civ. P. 55(a).

20  Thus, "the preference to decide cases on the merits does not preclude a court from granting default

21  judgment."  *Cal. Sec. Cans*, 238 F. Supp. 2d at 1177.  Because Defendant failed to respond to or

22  defend this action in any way, this factor should not preclude the Court from entering a default

23  judgment against Defendant.

24          For all of the foregoing reasons, each of the *Eitel* factors favors the entry of default judgment

25  against Defendant in this case.  Plaintiffs, therefore, respectfully request that the Court grant default

26  judgment against Defendant, and grant the monetary damages and permanent injunction set forth

27  below.

28

#10810 v1

III.    **PLAINTIFFS ARE ENTITLED TO A PERMANENT INJUNCTION, STATUTORY**
         **DAMAGES AND COSTS**

Under Federal Rules of Civil Procedure, Rule 54(c), only the amount prayed for in the complaint may be awarded to the plaintiff in default.  Rule 8(a)(3) of the Federal Rules of Civil Procedure also mandates that Plaintiffs' demand for relief be specific.  As set forth below, Plaintiffs are entitled to a permanent injunction, statutory damages in the amount of $6,000.00, and costs in the amount of $300.21.

A.    **Plaintiffs Are Entitled to Statutory Damages**

Section 504(a) of the Copyright Act provides that "an infringer of copyright is liable for either (1) the copyright owner's actual damages and any additional profits of the infringer . . . or (2) statutory damages, as provided by subsection (c)."  17 U.S.C. § 504(a).  As set forth above, subsection (c) provides, in pertinent part:

> the copyright owner may elect, at any time before final judgment is
> rendered to recover, instead of actual damages and profits, an award of
> statutory damages for all infringements involved in the action, with
> respect to any one work, for which any one infringer is liable
> individually . . . in a sum of not less than $750 or more than $30,000 as
> the Court considers just.

17 U.S.C. § 504(c).  Thus, for each violation of the copyright laws, the Court has discretion to award statutory damages in an amount not less than $750 or more than $30,000.

Plaintiffs need not prove actual damages to be entitled to an award of statutory damages under Section 504.  Indeed, "[a] plaintiff may elect statutory damages regardless of the adequacy of the evidence offered as to his actual damages and the amount of defendant's profits."  *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1194 (9th Cir. 1997), *cert. denied* 534 U.S. 1127, 112 S. Ct. 1063 (2002) (citation omitted); *accord Los Angeles News Serv.*, 149 F.3d at 996 ("a plaintiff may recover statutory damages whether or not there is

#10810 v1

1   adequate evidence of the actual damages suffered by plaintiff or the profits reaped by defendant, in
2   order to sanction and vindicate the statutory policy of discouraging infringement").

3       Furthermore, as set forth in Section II.B.2.a., above, courts routinely grant an award of
4   statutory damages (or higher) as part of default judgments in copyright infringement cases.  As such,
5   Plaintiffs respectfully request that the Court grant the minimum statutory damages of $750 for each
6   of the seven infringements alleged in the Complaint, for a total amount of $5,250.00.

7       **B.    Plaintiffs Are Entitled To A Permanent Injunction**

8       Plaintiffs request that the Court issue the following injunction to enjoin Defendant's
9   wrongful conduct:

10              Defendant shall be and hereby is enjoined from directly or indirectly
11              infringing Plaintiffs' rights under federal or state law in the
12              Copyrighted Recordings and any sound recording, whether now in
13              existence or later created, that is owned or controlled by Plaintiffs (or
14              any parent, subsidiary, or affiliate record label of Plaintiffs)
15              ("Plaintiffs' Recordings"), including without limitation by using the
16              Internet or any online media distribution system to reproduce (i.e.,
17              download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any
18              of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings
19              available for distribution to the public, except pursuant to a lawful
20              license or with the express authority of Plaintiffs.  Defendant also shall
21              destroy all copies of Plaintiffs' Recordings that Defendant has
22              downloaded onto any computer hard drive or server without Plaintiffs'
23              authorization and shall destroy all copies of those downloaded
24              recordings transferred onto any physical medium or device in
25              Defendant's possession, custody, or control.

26   Fetterly Decl., Exh. 1 (Complaint, pp. 6-7).  As set forth below, Plaintiffs will be irreparably harmed
27   if a permanent injunction is not issued to prevent Defendant's reproduction and distribution of

28

#10810 v1

1 | Plaintiffs' copyrighted works.  Furthermore, an injunction in this case will further the public's
2 | interest in upholding copyright protections.

3 |         **1.**    **PLAINTIFFS WILL BE IRREPARABLY HARMED IF A PERMANENT INJUNCTION**
4 |         **IS NOT ISSUED TO ENJOIN DEFENDANT'S WRONGFUL CONDUCT**

5 |       Section 502 of the Copyright Act vests the Court with the power to grant injunctive relief:
6 | "Any court having jurisdiction of a civil action arising under this title may, subject to the provisions
7 | of section 1498 of title 28, grant . . . final injunctions on such terms as it may deem reasonable to
8 | prevent or restrain infringement of a copyright."  17 U.S.C. § 502(a).  A party seeking a preliminary
9 | injunction must show either a likelihood of success on the merits and the possibility of irreparable
10 | injury. *Johnson Controls, Inc. v. Phoenix Control Systems, Inc.*, 886 F.2d 1173, 1174 (9th Cir.
11 | 1989).  In copyright cases, irreparable harm is presumed on a showing of a reasonable likelihood of
12 | success on the merits, and, thus, "a showing of copyright infringement liability and the threat of
13 | future violations is sufficient to warrant a permanent injunction." *Sega Enterprises Ltd. v. Maphia*,
14 | 948 F. Supp. 923, 940 (N.D.Cal. 1996); *see Micro Star v. Formgen, Inc.*, 154 F.3d 1107, 1109 (9th
15 | Cir. 1998); *MAI Systems Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 520 (9th Cir. 1993); *A&M*
16 | *Records, Inc. v. Napster, Inc.*, 114 F. Supp. 2d 896, 925 (N.D. Cal. 2001).  Where a default has been
17 | entered against a defendant, the plaintiff need not show irreparable harm because the default itself
18 | satisfies the element of success on the merits. *Sony Music Entm't, Inc. v. Global Arts Prod.*, 45 F.
19 | Supp. 2d 1345 (S.D.Fla. 1999) ("The only difference in the elements needed for the granting of a
20 | permanent, as opposed to a preliminary, injunction is the need to show success on the merits, not
21 | merely likelihood of success... Plaintiffs in this case need not show irreparable harm, as the default
22 | against Defendants satisfies the element of success on the merits.").

23 |       Here, Defendant's conduct is causing irreparable injury to Plaintiffs that cannot fully be
24 | compensated or measured by money.  Indeed, Defendant's infringements were widespread, going
25 | well beyond the few representative examples listed in Exhibit A to the Complaint.  <u>See</u>  Complaint
26 | Ex. A (noting that Defendant was distributing 85 total audio files at the time of identification).
27 | Moreover, Defendant's means of infringement – an online media distribution system with tens of

28 |

#10810 v1

1   millions of potential users – has left Plaintiffs' sound recordings vulnerable to massive, repeated,

2   near-instantaneous, and worldwide infringement.  Because recordings made available over these

3   systems are typically made available for further unlawful distribution by the users who download

4   them, Defendant's conduct has subjected Plaintiffs' valuable recordings to ongoing "viral"

5   infringement. *See Napster*, 239 F.3d at 1011, 1013-1014; *In re Aimster Copyright Litigation*, 334

6   F.3d 643, 646-47 (7th Cir. 2003); *Universal City Studios v. Reimerdes*, 111 F. Supp. 2d 294, 331-

7   332 (S.D.N.Y. 2000), *aff'd*, 273 F.3d 429 (2d Cir. 2001) (when digital works are distributed via the

8   Internet, "[e]very recipient is capable not only of . . . perfectly copying plaintiffs' copyrighted

9   [works] . . . . They likewise are capable of transmitting perfect copies of the [works]. The process

10  potentially is exponential rather than linear."; this means of transmission "threatens to produce

11  virtually unstoppable infringement of copyright.").

12          Furthermore, there is no evidence that Defendant has stopped infringing Plaintiffs'

13  recordings or that, absent an injunction, Defendant would stop.  Indeed, Defendant's failure to

14  respond to the Complaint offers no assurance that Defendant's infringing activity has ceased, and

15  only highlights that Defendant does not take seriously the illegality of his conduct. *See Jackson v.*

16  *Sturkie*, 255 F. Supp. 2d at 1103 (granting permanent injunction in a copyright infringement action

17  as part of a default judgment because "defendant's lack of participation in this litigation has given

18  the court no assurance that defendant's infringing activity will cease."); *Cal. Sec. Cans*, 238 F. Supp.

19  2d at 1178 (granting permanent injunction as part of a default judgment because, among other

20  things, "in the absence of opposition by the non-appearing defendant, it cannot be said that it is

21  'absolutely clear' that Defendant's allegedly wrongful behavior has ceased and will not begin

22  again."). Thus, without an injunction, Plaintiffs' copyrighted recordings would remain vulnerable to

23  continued and repeated infringement.

24          **2.    A PERMANENT INJUNCTION WILL PROTECT THE PUBLIC'S INTEREST IN**

25          **UPHOLDING COPYRIGHT PROTECTIONS**

26          Courts routinely issue injunctions as part of default judgments. *See Jackson v. Sturkie*, 255

27  F. Supp. 2d at 1103 (granting permanent injunction in a copyright infringement action as part of a

28

#10810 v1

1  default judgment because "defendant's lack of participation in this litigation has given the court no

2  assurance that defendant's infringing activity will cease."); *Cal. Sec. Cans*, 238 F. Supp. 2d at 1177-

3  78 (granting a permanent injunction as a part of a default judgment); *Discovery Comm., Inc.*, 172 F.

4  Supp. 2d 1282 (same); *Triunfo-Mex, Inc.*, 189 F.R.D. 431 (same).[3]  Injunctions are issued pursuant

5  to Section 502 in order to protect the public's interest in upholding copyright protections.  *See*

6  *Autoskill Inc. v. National Educ. Support Sys., Inc.*, 994 F.2d 1476, 1499 (10th Cir. 1993), *cert.*

7  *denied*, 510 U.S. 916, 114 S. Ct. 307 (1993); *Sony Music Entm't, Inc. v. Global Arts Prod.*, 45 F.

8  Supp. 2d 1345, 1347-48 (S.D.Fla. 1999).  Indeed, "it is virtually axiomatic that the public interest

9  can only be served by upholding copyright protections and, correspondingly, preventing the

10  misappropriation of the skills, creative energies, and resources which are invested in the protected

11  work." *Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d 1240, 1255 (3d Cir. 1983).

12  Here, an "injunction is necessary to preserve the integrity of the copyright laws which seek to

13  encourage individual efforts and creativity by granting valuable enforceable rights." *Atari Inc. v.*

14  *North Am. Philips Consumer Elec. Corp.*, 672 F.2d 607, 620 (7th Cir. 1982), *cert. denied*, 459 U.S.

15  880, 103 S. Ct. 176 (1982) (preliminary injunction).

16         **3.**    **THE REQUESTED INJUNCTION IS SPECIFIC IN NATURE AND REASONABLY**

17               **SEEKS TO PROTECT ALL OF PLAINTIFFS' EXISTING AND FUTURE**

18               **COPYRIGHTS**

19         The injunction requested by Plaintiffs seeks not only to prohibit the future infringement of

20  Plaintiffs' existing works, but also protects Plaintiffs' future copyrights.  Plaintiffs continually create

21  new copyrighted works that would potentially be vulnerable to infringement if the injunction were

22

23       [3] *See also Claremont Flock Corp. v. Alm*, 281 F.3d 297 (1st Cir. 2002) (affirming award of
default judgment and injunction); *Johnson v. Kakvand*, 192 F.3d 656, 663 (7th Cir. 1999) (affirming

24  default judgment with injunction); *Securities & Exch. Comm'n v. McNulty*, 137 F.3d 732, 741 (2d
Cir. 1998), *cert. denied*, 525 U.S. 931, 119 S. Ct. 340 (1998) (affirming default judgment enjoining

25  corporate officer from violating securities laws); *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979

26  F.2d 60, 64 (5th Cir. 1992) (affirming default judgment for injunction requiring defendant in
trademark infringement suit to label its product to avoid public confusion); *Sony Music Entm't, Inc.*

27  *v. Global Arts Prod.*, 45 F.Supp. 2d 1345, 1347-48 (S.D.Fla. 1999) (entering permanent injunction
against copyright infringer on default judgment).

28

#10810 v1

1   limited to existing works. Thus, the requested injunction properly seeks to prevent the reproduction

2   and distribution of Plaintiffs' existing *and* future works. *See, e.g., Princeton Univ. Press v.*

3   *Michigan Document Serv., Inc.*, 99 F.3d 1381, 1392-93 (6th Cir. 1996), *cert. denied*, 520 U.S. 1156,

4   117 S. Ct. 1336 (1997) ("The weight of authority supports the extension of injunctive relief to future

5   works."); *Olan Mills, Inc. v. Linn Photo Co.*, 23 F.3d 1345, 1349 (8th Cir. 1994) (permanent

6   injunction includes works created in the future); *Basic Books, Inc. v. Kinko's Graphics Corp.*, 758 F.

7   Supp. 1522, 1542 (S.D. N.Y. 1991) (enjoining infringement of present and future copyrighted

8   works); *Orth-O-Vision, Inc. v. Home Box Office*, 474 F. Supp. 672, 686 (S.D. N.Y. 1979) ("[I]t is

9   well within [the Court's] equitable power to enjoin infringement of future registered works.").

10          Furthermore, the injunction sought properly serves to prohibit Defendant from infringing any

11  and all of Plaintiffs' copyrighted works. *See Sony Music Entm't, Inc.*, 45 F. Supp. 2d at 1347-48

12  (enjoining defendants from infringing any of the copyrighted works owned by Plaintiff, including,

13  but not limited to, those listed in the complaint); *Canopy Music, Inc. v. Harbor Cities Broad. Inc.*,

14  950 F. Supp. 913, 916 (E.D. Wis. 1997) (enjoining radio station that infringed 10 musical

15  composition copyrights "from performing ***any songs to which ASCAP possesses the right to***

16  ***license***") (emphasis added); *Picker Int'l Corp. v. Imaging Equip. Serv., Inc.*, 931 F. Supp. 18, 45 (D.

17  Mass. 1995), *aff'd*, 94 F.3d 640 (1st Cir. 1996) (injunction entered which applies "not only to the

18  works as to which infringement has already been adjudicated, but also to any other works presently

19  owned by plaintiff"); *Jobette Music Co., Inc. v. Hampton*, 864 F. Supp. 7, 9 (S.D. Miss. 1994)

20  (enjoining defendants from performing any musical compositions licensed through ASCAP, not just

21  those listed in complaint); *Zeon Music v. Stars Inn Lounge, Ltd.*, 1994 WL 163636, No. 92 C 7607,

22  at \*5 (N.D. Ill. Apr. 28, 1994) (where defendants infringed four songs, court enjoined them "from

23  publicly performing or sponsoring the public performances of ***any musical composition included in***

24  ***ASCAP's repertory*** until such time as defendants obtain a license to do so") (emphasis added);

25  *Weintraub/Okun Music v. Atlantic Fish & Chips, Inc.*, 1991 WL 34713, No. 90 C 4938, at \*4 (N.D.

26  Ill. Mar. 13, 1991) (seven songs infringed by restaurant; Court enjoined "further infringement of the

27  copyrights held by ASCAP members").

28

13

#10810 v1

In light of the scope and nature of Defendant's infringement, the need to protect Plaintiffs' copyrighted works, and the public interest in upholding copyright protection, the requested injunction is specific in nature, and will serve to prohibit the infringement of all copyrighted sound recordings owned by Plaintiffs.

## C.    Plaintiffs Are Entitled To Their Costs

Under Section 505 of the Copyright Act, courts have the discretion to award "the recovery of full costs" and reasonable attorneys' fees.  17 U.S.C. § 505; *Discovery Communications, Inc.*, 172 F. Supp. 2d at 1292 (granting default judgment including an award of costs based on affidavit specifying costs submitted with application for default judgment); *see also Century ML-Cable Corp. v. Diaz*, 39 F. Supp. 2d 121, 126 (D.P.R. 1999) (same); *Cablevision Sys. N.Y. City Corp. v. Lokshin*, 980 F. Supp. 107, 115 (E.D.N.Y. 1997) (same); *Cross Keys Publ'g Co., Inc. v. Wee, Inc.*, 921 F. Supp. 479, 481-82 (W.D. Mich. 1995) (copyright infringement action; same); *Jobette Music Co., Inc.*, 864 F. Supp. at 10 (same).  Indeed, an award of costs would "(1) deter future copyright infringement; (2) ensure that all holders of copyrights which have been infringed will have equal access to the court to protect their works; and (3) penalize the losing party and compensate the prevailing party." *A&N Music Corp. v. Venezia*, 733 F. Supp. 955, 959 (E.D. Penn. 1990).

Here, Plaintiffs are not seeking attorneys' fees but rather, the costs they incurred in bringing suit, or $420.00, which includes $350.00 in filing fees and $70.00 expended for service of process. *See id.*; *Cross Keys Publ'g Co., Inc.*, 921 F. Supp. at 481-82 (default judgment awarding costs). Fetterly Decl., ¶ 7.  Such amount is reasonable, and will serve to deter future infringement and ensure that all copyright holders will have equal access to the court to protect their works. *See A&N Music Corp.* 733 F. Supp. at 959 (awarding costs on default judgment in copyright infringement action); *see also Cross Keys Publ'g Co., Inc. v. Wee, Inc.*, 921 F. Supp. 479, 481-82 (W.D.Mich. 1995) (default judgment awarding costs).

/ / /

/ / /

/ / /

#10810 v1

**IV.   AN EVIDENTIARY HEARING IS NOT NECESSARY HERE BECAUSE THE DAMAGES PLAINTIFFS SEEK ARE EASILY ASCERTAINABLE**

When ruling on an application for default judgment, the Court has discretion in determining whether an evidentiary hearing is necessary or whether to rely on detailed affidavits or documentary evidence. Fed. R. Civ. P. 55(b)(2). It is well settled, however, that a default judgment for money may be entered without an evidentiary hearing if the amount claimed is a liquidated sum or capable of mathematical calculation. *Davis v. Fendler*, 650 F.2d 1154, 1161-62 (9th Cir. 1981) (affirming default judgment entered without evidentiary hearing where damages sought were a definite sum). As set forth above, Plaintiffs are seeking only the minimum statutory damages, costs and a permanent injunction. Because those damages are easily ascertainable from the Complaint, no evidentiary hearing is necessary. *See Davis*, 650 F.2d at 1161-62 (affirming that default judgment was appropriate even though no evidentiary hearing was held because the damages sought were a definite sum).[4]

If, however, the Court decides that a hearing is necessary, Plaintiffs submit that Defendant is not entitled to oppose or present any evidence in opposition to this Application. Schwarzer, W. *et al.*, *California Practice Guide, Federal Civil Procedure Before Trial*, 6:42 (2000) (*citing Clifton v. Tomb*, 21 F.2d 893, 897 (4th Cir. 1927) ("When a party is in default . . . the party himself has lost his standing in court, cannot appear in any way, cannot adduce evidence, and cannot be heard at the final hearing.")).

---

[4] It is settled that a defendant who fails to appear or defend him or herself in an action is not entitled to notice of an application for entry of default judgment. Fed. R. Civ. P. 55(b)(2); *In re Roxford Foods, Inc.*, 12 F.3d 875, 879 (9th Cir. 1993) ("[N]otice [pursuant to Rule 55(b)(2)] is only required where the party has made an appearance."); *Wilson v. Moore & Assoc., Inc.*, 564 F.2d 366, 368 (9th Cir. 1977) (affirming trial court's denial of motion to set aside default judgment where defendant did not give notice of application; "No party in default is entitled to 55(b)(2) notice unless he has 'appeared' in the action."); *Discovery Comm., Inc. v. Animal Planet, Inc.*, 172 F.Supp. 2d 1282, 1288 (C.D.Cal. 2001). Plaintiffs have nonetheless given notice of this Application to Defendant. By providing such notice, however, Plaintiffs do not intend to waive their right to have the Court rule on this Application without appearance or objection by Defendant.

#10810 v1

1  V.    **CONCLUSION**

2        For all of the foregoing reasons, Plaintiffs respectfully request that the Court enter a default

3  judgment in favor of Plaintiffs and against Defendant, for statutory damages in the total amount of

4  $5,250.00, an injunction in the form sought in the Complaint, and costs of $420.00.

5

6  DATED:   August 13, 2008                    Respectfully submitted,

7                                              JONATHAN G. FETTERLY
                                               HOLME ROBERTS & OWEN LLP
8

9                                       By:    s/Jonathan G. Fetterly
10                                             Jonathan G. Fetterly
                                               Attorney for Plaintiffs
11                                             BMG MUSIC; ZOMBA RECORDING LLC;
                                               ATLANTIC RECORDING CORPORATION;
12                                             SONY BMG MUSIC ENTERTAINMENT;
                                               LAFACE RECORDS LLC; and UMG
13                                             RECORDINGS, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION FOR ENTRY OF DEFAULT JUDGMENT BY THE COURT
CASE NO.: 08-CV-00773-H-WMC

#10810 v1